### JOHN RODRIGUEZ V. THE STATE.

No. 8494. Decided October 8, 1924.

Rehearing denied November 12, 1924.

**1.—Possessing Intoxicating Liquor—Evidence—Other Transactions.**

After proof that officers properly searched appellant's premises on April 28, 1923, and discovered sixteen gallons of whisky, a witness, Woods was permitted to testify that on May 28, 1923 (a month subsequent) he purchased from appellant near his house a quart of whisky. The court instructed the jury that Wood's testimony could only be considered upon the issue as to the purpose for which appellant possessed the liquor on April 28. The evidence was properly admitted, and the court's charge was correct.

**2.—Same—Evidence—Article Found—Properly Admitted.**

There was no error in permitting officers to bring before the jury articles used in the manufacturing of liquor, found in possession of appellant, and the fact that there was introduced a copper still not found in his possession was not material nor harmful, in view of fact that the lowest punishment was imposed.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of possessing intoxicating liquor; penalty, one year in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Conviction is for possessing intoxicating liquor for the purpose of sale. Penalty, one year in the penitentiary.

On April 28th, 1923, the officers, armed with proper warrants, searched appellant's premises and found between fifteen and sixteen gallons of whisky in various containers. After making proof of the foregoing facts and showing the details of the transaction, the State then proved by one Woods that on May 28th, 1923 (being a month subsequent to the raid) he purchased from appellant at a point near his house one quart of whisky for which witness agreed to pay three dollars. The court instructed the jury that no conviction could be had on the Woods transaction and that it could only be considered upon the issue as to the purpose for which appellant possessed the liquor on April 28th. The reception of this evidence and the charge given relative thereto is made the basis of bills of exception one, two, six and nine. Under the record before us we do not feel called upon to discuss the question at length. The indictment was not returned until September, and the State could have relied upon either the facts disclosed at the time of the raid or upon the Woods transaction as supporting its charge that appellant was in the possession of liquor for the purpose of sale, and therefore the court was not in error in admitting the evidence as to the sale to Woods. Upon request by appellant the State could have been required to elect upon which transaction it would rely, but the record reveals no such request; however by the charge the State was restricted to the April 28th transaction. If the court was in error in not withdrawing the Woods evidence and in charging the purpose for which it might be considered we would not be justified in reversing therefor because the lowest penalty was assessed, demonstrating that the sale to Woods was not appropriated by the jury to appellant's hurt, the other evidence having already established a prima facie case against him which was in no way controverted. (See Laws, 2d C. S., 38th Leg., Ch. 22, Sec. 2e.)

There was no error in permitting the officers to bring before the jury for identification the whisky and containers found in appellant's possession. Exception was taken because among these was a copper still which was not found on appellant's premises. The facts reveal that among other containers found was a ten gallon woden keg. It developed a leak and the whisky was transferred from it to the still by the officers having custody of the property. It was made plain to the jury that the State made no claim that the still was recovered in the raid but that the whisky was found in the keg. We observe no error in this matter.

The other questions relate to jurors, and to argument of the district attorney. All have been examined, and in our opinion they present no error.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

MORROW, Presiding Judge.—We have re-examined the record in the light of the appellant's motion for rehearing and are constrained to express the opinion that the former disposition of the case is correct.

The motion is overruled.

*Overruled.*